## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO.: 2:24-cv-23 |
| 0.1785 ACRES OF LAND, MORE OR | ) |
| LESS, SITUATE IN CHESAPEAKE, | ) |
| VIRGINIA, AND MSF INVESTORS II, | ) |
| LLC, ET AL., | ) |
| | ) |
| Defendants. | ) |

### ANSWER TO FIRST AMENDED COMPLAINT
### IN CONDEMNATION AND GROUNDS OF DEFENSE

Defendant Starbucks Corporation ("Starbucks"), leasehold rights are being condemned by the United States of America, at the request of the United States Department of the Army ("Army"), by counsel and as for their Answer to the First Amended Complaint in Condemnation state as follows:

1.      Paragraph One of the First Amended Complaint in Condemnation (the "Amended Complaint") calls for legal conclusions to which no answer is required.  To the extent an answer is required, on information and belief, the Starbucks admits the allegations of Paragraph One.

2.      Paragraph Two of the Amended Complaint contains conclusions of law to which no response is required.  To the extent any response is required, the Starbucks is without sufficient information to admit or deny the allegations in Paragraph Two and call for strict proof thereof.

3.      As to Paragraph Three, Starbucks admits that Schedule A was attached to the Amended Complaint and state that the document speaks for itself; however, Starbucks can neither admit nor deny the accuracy of Schedule A and call for strict proof thereof.  To the extent that Paragraph Three or Schedule A contain legal conclusions, no answer is required.  To the extent

1

any further response is required, Starbucks is without sufficient information to admit or deny any remaining factual allegations contained in Paragraph Three and call for strict proof thereof.

4.    As to Paragraph Four, Starbucks admits that Schedule B was attached to the Amended Complaint and state that the document speaks for itself; however, Starbucks can neither admit nor deny the accuracy of Schedule B and calls for strict proof thereof.  To the extent that Paragraph Four or Schedule B call for or contain legal conclusions, no answer is required.  To the extent any answer is required, Starbucks is without sufficient information to admit or deny any remaining factual allegations contained in Paragraph Four and call for strict proof thereof.

5.    As to Paragraph Five, Starbucks admits that Schedule C was attached to the Amended Complaint and state that the document speaks for itself; however, Starbucks can neither admit nor deny the accuracy of Schedule C and calls for strict proof thereof.  Starbucks holds a lease on one of the two parcels from which the United States is condemning land and rights. Starbucks objects to the consolidation of the two parcels into a single condemnation action and aver that, upon information and belief, the Plaintiff has prepared or caused to be prepared separate appraisals of just compensation for each parcel and that these matters should proceed to trial separately.

6.    As to Paragraph Six, Starbucks admits that Schedule D was attached to the Amended Complaint and states that the document speaks for itself; however, Starbucks can neither admit nor deny the accuracy of Schedule D and call for strict proof thereof.  To the extent that Paragraph Six or Schedule D call for or contain legal conclusions, no answer is required.  To the extent any answer is required, Starbucks is without sufficient information to admit or deny any remaining factual allegations contained in Paragraph Six and call for strict proof thereof.

7.      As to Paragraph Seven, Starbucks admits that Schedule E was attached to the Amended Complaint and state that the document speaks for itself; however, Starbucks can neither admit nor deny the accuracy of Schedule E and call for strict proof thereof.  To the extent that Paragraph Seven or Schedule E call for or contain legal conclusions, no answer is required.  To the extent any answer is required, Starbucks is without sufficient information to admit or deny any remaining factual allegations contained in Paragraph Seven and calls for strict proof thereof.

8.      As to Paragraph Eight, Starbucks admits the Schedule F was attached to the Amended Complaint and state that the document speaks for itself; however, Starbucks can neither admit or deny the accuracy of Schedule F and call for strict proof thereof.  Starbucks, however, denies that this amount constitutes just compensation as required by the Fifth or Fourteenth Amendments to the United States Constitution, and ask for a trial by jury to determine the just compensation owed for each impacted parcel.

9.      As to Paragraph Nine, Starbucks admits that Schedule G was attached to the Amended Complaint and state that the document speaks for itself; however, Starbucks can neither admit nor deny the accuracy of Schedule G and call for strict proof thereof.  Starbucks denies that Schedule G accurately sets forth the names and addresses of the parties who have an interest in said land or the just compensation for the taking of said land.

## GROUNDS OF DEFENSE

Defendant Starbucks raises the following grounds of defense, pursuant to Rule 71.1(e)(2)(C) of the Federal Rules of Civil Procedure:

1.      The Plaintiff has failed to comply with the requirements of 42 U.S.C. § 4651, as it has failed to provide appraisals relating to the proposed acquisition of property rights from Starbucks, and has failed to engage in good faith negotiations with the Defendants before initiating this matter.

2.      The Plaintiff in this action has condemned fee and easement rights from two separate parcels of property, which on information and belief, the Plaintiff has appropriately appraised separately.  Starbucks objects to the consolidation of these two parcels for trial and demand separate just compensation trials for each parcel.  More specifically, these two properties are separate and distinct tax map parcels, identified as Parcel No. 0340000002380 (identified by the Plaintiff as Parcel 127 in the Complaint); and Parcel No. 0340000002360 (identified by the Plaintiff as Parcel 126 in the Complaint).  Parcel 126 is currently improved and functions as a shopping center and Parcel 127 is in the process of being developed.  The two separate parcels have distinct highest and best uses and are not a single property, and accordingly cannot be valued together for purposes of determining just compensation.  *See, e.g.*, *United States v. Miller*, 317 U.S. 369, 374 – 75 (1943); *Washington Metro. Area v. One Parcel of Land*, 691 F.2d 702, 704 – 05 (4th Cir. 1982); *United States v. Wateree Power Co.*, 200 F.2d 226, 231 – 232 (4th Cir. 1955).  Starbucks requests separate just compensation trials for each parcel.

3.      Starbucks reserves the right to pursue an inverse condemnation action or other actions against the Plaintiff as the Plaintiff has physically invaded and occupied the Defendants' property, without the right to do so, for purposes of constructing its project.  More specifically, Plaintiff or its agents and/or contractor installed silt fencing and placed other improvements on the parcel the Plaintiff identifies as Parcel 127 for the purpose of constructing the project.

4.      Starbucks reserves the right to pursue in this action or another appropriate action any and all damages, losses of rent or other material loss or expense caused by the Plaintiff.

5.      Starbucks reserves the right to raise any grounds of defense which may become apparent in the discovery process or by later actions of the Plaintiff in this litigation.

6.      Starbucks reserves the right to pursue all relief that may be available to them, including through the Equal Access to Justice statutes or similar reimbursement statutes.

7.      Starbucks reserves their rights under the Equal Access to Justice Act.

WHEREFORE, Defendant Starbucks Corporation respectfully prays that the Court sustain their grounds of defense and dismiss this matter, but that if the Court overrules the grounds of defense, Starbucks prays that a jury be empaneled and that it is awarded just compensation for the taking of their property, and any other relief as justice so requires, including their attorney fees and all litigation costs, so that their constitutional right to just compensation is not diluted or eroded by the litigation costs and fees which may be incurred in this matter.

TRIAL BY JURY IS DEMANDED.

**STARBUCKS CORPORATION**


By:_____
Mark E. Shaffer (VSB No. 75407)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel:    (703) 749-1300
Fax:    (703) 749-1301
Email: shaffermar@gtlaw.com
*Counsel for Defendant, Starbucks Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and exact copies of the foregoing Answer to First Amended Complaint in Condemnation and Grounds of Defense have been served upon the following via the CM/ECF system on this ___4th___ day of March, 2025:

**Garry D. Hartlieb**
United States Attorney Office – Norfolk
101 W Main St
Suite 8000
Norfolk, VA 23510
757-441-6331
Email: garry.hartlieb@usdoj.gov

**Clare Patricia Wuerker**
DOJ - USAO
Justin Williams Building
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3700
Email: clare.wuerker@usdoj.gov

**Joseph Figueroa**
DOJ-Enrd
Land Acquisition Section,
Environment and Natural Resources
150 M Street NE
Washington, DC 20002
202-305-0493
Email: joseph.figueroa@usdoj.gov

**Joshua Ellis Baker**
Waldo & Lyle PC
301 W Freemason St
Norfolk, VA 23510
(757) 622-5812
Fax: (757) 622-5815
Email: jeb@waldoandlyle.com

**Scott William Stemetzki**
DOJ-Enrd
150 M. Street, NE
Washington, DC 20002
202-305-0298
Fax: 202-514-8865
Email: scott.stemetzki@usdoj.gov

**Blake Alan Willis**
Waldo & Lyle PC
301 W Freemason St
Norfolk, VA 23510
757-622-5812
Fax: 757-622-5815
Email: baw@waldoandlyle.com

**Michael Randolph Shebelskie**
Hunton Andrews Kurth LLP
951 E Byrd St
Riverfront Plaza
Richmond, VA 23219
(804) 788-8200
Email: mshebelskie@huntonak.com

**Alex Chumbley**
Hunton Andrews Kurth LLP
951 E Byrd St.
Riverfront Plaza
East Tower Ste 200
804-344-7915
Email: achumbley@huntonak.com

Mark E. Shaffer (VSB No. 75407)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel:    (703) 749-1300
Fax:    (703) 749-1301
Email:  shaffermar@gtlaw.com
*Counsel for Defendant, Starbucks Corporation*